IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON YOUNG, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 22-cv-146-NJR |
| ROB JEFFREYS, DANIEL MONTI, and LU WALKER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brandon Young, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Young alleges the defendants were deliberately indifferent to his conditions of confinement in violation of the Eighth Amendment.[1] He seeks monetary damages.

---

[1] Young recently filed a letter (Doc. 11) with the Court which states that he received a recent Order directing him to pay his full filing fee, but he does not believe that it was provided to him expeditiously. But Young received the Order and was able to pay the full filing fee, as directed by the Order, in a timely fashion. Thus, his request that the Court ensure future documents be provided to him in an expediated fashion is DENIED as moot.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Young makes the following allegations in the Complaint (Doc. 1): While at Shawnee, Young has been subject to inhumane conditions including "contaminated, polluted, bacteria infected drinking and bathing water." (*Id.* at p. 6). Young alleges that Lu Walker and Daniel Monti were made aware of the problems with the water through his verbal complaints and written emergency grievances. He attaches an emergency grievance that he wrote about the smell, color, and general health of the water (*Id.* at pp. 8-12). Young alleges there was an alert by the Environmental Protection Agency ("EPA"), but no boil water order was ever entered nor was an alternative water source provided to him (*Id.* at p. 6). Staff brought their own personal water daily, but Young was forced to drink, bathe, brush his teeth, and take his daily meds with the water (*Id.*). As a result of drinking the water for weeks and months, Young got sick and developed a rash on the back and top of his head (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Rob Jeffreys, Daniel Monti, and Lu Walker for forcing Young to use contaminated water.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Young states a viable claim against Monti and Walker for deliberate indifference to his conditions of confinement. He alleges that he informed Monti and Walker of the condition of the water and they failed to provide an alternative water source.

Young fails, however, to state a claim against Rob Jeffreys. Young alleges that Jeffreys, as the IDOC Director, was responsible for the conditions of the water at Shawnee. But Jeffreys cannot be held liable merely because of his position as director

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Further, Young fails to allege that he informed Jeffreys of the conditions at Shawnee. Although he states that the EPA informed Walker and Monti about the conditions of the water, there are no allegations in the Complaint suggesting that Jeffreys was aware of the water quality at Shawnee. Thus, the claim against Jeffreys is **DISMISSED without prejudice**.

## Pending Motions

As to Young's motion for counsel (Doc. 3), he states that he is still in the process of seeking counsel on his own due to limited phone privileges. Thus, his motion is **DENIED** because he fails to demonstrate that he made reasonable attempts to obtain counsel on his own. Should he choose to move for recruitment of counsel at a later date, the Court directs Young to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Young should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Count 1 shall proceed against Daniel Monti and Lu Walker but is **DISMISSED without prejudice** as to Rob Jeffreys.

The Clerk of Court shall prepare for Defendants Daniel Monti and Lu Walker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Young. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Young, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Young, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Young is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  March 3, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**